[Cite as *State v. Wheeler*, 2022-Ohio-1264.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-20 |
| | : | |
| JONATHAN E. WHEELER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Assistant Prosecuting Attorney, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
  Attorney for Plaintiff-Appellee

V. GAYLE MILLER, Atty. Reg. No. 0091528, 120 West Second Street, Suite 501, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Jonathan E. Wheeler appeals from the trial court's revocation of community control and imposition of a 12-month prison sentence after he refused to participate in a residential treatment program.

{¶ 2} Wheeler alleges ineffective assistance of counsel based on his attorney's failure to explain his sentencing options during the revocation hearing. Wheeler suggests that he would have accepted local incarceration followed by participation in a treatment program if his attorney had advised him "on the ramifications of the sentencing options."

{¶ 3} Upon review, we see no ineffective assistance of counsel. The trial court clearly explained that Wheeler could continue on community control with a local jail term and participation in a residential treatment program or he could serve 12 months in prison for violating his community control. Wheeler refused to participate in the program, and the trial court imposed the prison term. The record does not support Wheeler's claim about not understanding his sentencing options. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 4} Wheeler pled guilty to one count of felony theft in April 2021. The trial court imposed two years of community-control sanctions that included completion of a residential treatment program. The trial court reserved a 12-month prison term for a violation. Wheeler subsequently violated his community-control conditions by being terminated from the "NOVA" program. He admitted the violation, and the matter proceeded to disposition. During a September 23, 2021 hearing, the trial court expressed its intent to extend community control to three years and to impose a local jail term

pending Wheeler's acceptance into the "MonDay" residential program.

{¶ 5} Wheeler responded by requesting to go to the "NOPH" program in Toledo instead. The trial court expressed skepticism about his being able to participate in the NOPH program but agreed to permit it in lieu of MonDay if Wheeler could gain acceptance. In the meantime, the trial court maintained its order for Wheeler to participate in the MonDay program. Wheeler responded by expressing displeasure about having to spend time in jail and then complete a six-month MonDay program after already having served some jail time and having completed a portion of the NOVA program. He complained that his total time in jail and the programs would exceed 12 months, which was the length of the prison term he faced. The trial court engaged in additional discussion with Wheeler, making clear that he could participate in the treatment program or serve the prison term. The following exchange then occurred:

MR. WHEELER: How long am I looking at in prison?

JUDGE: 12 months minus any jail credit.

MR. WHEELER: How much jail credit do I got?

ASST. PROSECUTOR: 144 days as of last sentence. I don't have an updated number, well, I do have an updated number, 199 days total.

JUDGE: Mr. Wheeler, I have sentenced you. I have now found you in violation of your community control conditions and I have issued new conditions in addition to what was imposed. If there's nothing further, that will stand, which means you're going to serve a local jail sentence and then go to the MonDay program for treatment. Do you understand that?

MR. WHEELER: How long is the MonDay?

JUDGE: Probably six months, but if you're telling me you're not willing to do it; you're not willing to do the treatment I have ordered, then I'm going to terminate you today because it doesn't do me any good to put you on community control if you're not willing to comply with the conditions.

MR. WHEELER: I've caught no breaks in this courtroom.

JUDGE: You can answer my question. Are you willing to do treatment?

MR. WHEELER: I'm not going to MonDay.

JUDGE: Alright, based upon the Defendant not being willing to comply with community control conditions as ordered, which does include treatment, your sentence of community control is terminated upon the violation. You've already been advised of all of your rights in sentencing at the May hearing and a 12 month reserved term is imposed. We are adjourned.

Sept. 23, 2021 Transcript at 12-13.

{¶ 6} The trial court journalized Wheeler's sentence in a September 24, 2021 entry imposing sentence and terminating community control. This appeal followed.

## II. Analysis

{¶ 7} In his sole assignment of error, Wheeler alleges ineffective assistance of counsel based on his attorney's failure to assure his "clear understanding of the sentencing options" and to "advise him on the ramifications of the sentencing options." Wheeler maintains that this deficient performance prejudiced him by resulting in a 12-month prison term rather local incarceration followed by treatment at the MonDay facility.

{¶ 8} "A claim of ineffective assistance of trial counsel requires both a showing that

trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court 'must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' *Id.* at 689." *State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 14.

{¶ 9} We see no ineffective assistance here. The sentencing transcript reflects that the trial court clearly set forth Wheeler's options. It explained that he could continue on community control and serve a jail term to be followed by completion of the MonDay program (or the NOPH program if he could gain acceptance). Alternatively, if Wheeler did not agree to participate in a residential treatment program, the trial court explained that it would terminate community control and impose a 12-month prison term. Wheeler responded by refusing to participate in the MonDay program, and the trial court imposed the prison term. Nothing in the record suggests that Wheeler did not know or failed to understand his options. Because the trial court fully explained those options, defense counsel did not provide deficient representation by failing to do so. Accordingly, we overrule the assignment of error.

### III. Conclusion

{¶ 10} Having overruled Wheeler's sole assignment of error, we affirm the judgment of the Miami County Common Pleas Court.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Matthew C. Joseph
V. Gayle Miller
Hon. Stacy M. Wall